Manny Starr (319778)
Manny@frontierlawcenter.com
Joseph A. Gross (332258)
Joseph@frontierlawcenter.com
Frontier Law Center
23901 Calabasas Road, #1084
Calabasas, CA 91302
Telephone: (818) 914-3433
Facsimile: (818) 914-3433

Attorneys for Plaintiff
MARILYN FLOWERS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN FLOWERS, an individual. <br><br> Plaintiff(s), <br><br> v. <br><br> LOS ANGELES UNIFIED SCHOOL DISTRICT, a government entity; LOS ANGELES UNIFIED SCHOOL DISTRICT ACCOUNTING & DISBURSEMENT DIVISION, a government entity; and DOES 1 to 100, inclusive, <br><br> Defendants. | **CASE NO.** <br><br> **COMPLAINT** <br><br> 1. Deprivation of Civil Rights – First Amendment Religious Freedom, 42 U.S.C. § 1983 <br> 2. Deprivation of Civil Rights Article 1 § 4 California Constitution <br> 3. Harassment Government Code § 12940 (j)(1) <br> 4. Religious Discrimination Government Code §12940(a) <br> 5. Retaliation Government Code § 12940 (h) and (l)(4) <br> 6. Failure to Accommodate Government Code §12940 (l)(1) <br> 7. Violation of FEHA – Failure to Take All Reasonable Steps Necessary to Prevent Discrimination from Occurring; and <br> 8. Intentional Infliction of Emotional Distress; |

**PARTIES**

1.      Defendant LOS ANGELES UNIFIED SCHOOL DISTRICT ("LAUSD") is a "public agency" pursuant to California Government Code section 3501(c), and has offices in Los Angeles County, California. The County pays the wages of its employees, including Plaintiff.

2.      Defendant LOS ANGELES UNIFIED SCHOOL DISTRICT ACCOUNTING & DISBURSEMENT DIVISION ("LAUSD ACCOUNTING") is a "public agency" pursuant to California Government Code section 3501(c), and has offices in Los Angeles County, California. The County pays the wages of its employees, including Plaintiff.

3.      At all relevant times, Plaintiff MARILYN FLOWERS ("Plaintiff") was a resident of Los Angeles County, California.

4.      Plaintiff does not know the true names and capacities of Does 1 to 100 and therefore uses fictitious names. Plaintiff will amend the complaint pursuant to Code of Civil Procedure section 474 to allege the true names and capacities when ascertained.

5.      LAUSD, LAUSD ACCOUNTING, and all named, and unnamed Doe defendants are collectively referred to as "Defendants."

6.      Plaintiff is informed and believes that each of the Defendants was the agent or employee of the other Defendants and acted in the scope of agency or employment.

**PLAINTIFFS HAVE EXHAUSTED THEIR ADMINISTRATIVE REMEDIES**

7.      On May 26, 2023, Plaintiff submitted a Complaint regarding Defendants' failure to provide them a religious exemption to the COVID-19 vaccine, based on their sincerely held religious beliefs, to the California Civil Rights Department ("CCRD"). CCRD issued an immediate right-to-sue letter on May 26, 2023.

8.      While Plaintiff does not believe it was legally necessary, in an abundance of caution, Plaintiff submitted the proper government tort claim form, filled it out, and

attached a demand containing the factual basis of Plaintiff's claims, to that form; on May 26, 2023, Plaintiff submitted a Government Tort claim to Defendants.

## FACTUAL ALLEGATIONS

9.     Plaintiff began working for Defendants, as a substitute teacher, in 2008.

10.     In 2016, Plaintiff was promoted to a full-time teaching position.

11.     Plaintiff's 14-year career ended abruptly on October 15, 2021 for the high crime of having sincerely held religious beliefs and refusing to incur the mark of the beast.

12.     Plaintiff submitted a request for religious accommodation from Defendants' policy, which required all employees to receive the COVID-19 vaccine, on September 20, 2021.

13.     Despite Plaintiff's efforts to get information, Defendants did not respond to her request for religious accommodation.

14.     Defendants denied Plaintiff's request, notwithstanding the fact that they did not engage in anything resembling an interactive process.

15.     Defendant's informed Plaintiff that she could either receive the vaccine, take a 6-month leave without pay, or retire/resign early.

16.     Defendants did not conduct a good-faith investigation into whether Plaintiff could perform their job remotely.

17.     Defendants did not conduct a good-faith investigation into whether Plaintiff could perform the duties of a lateral position.

18.     Defendants did not continue to monitor whether they could accommodate Plaintiff's religious beliefs.

19.     Defendants failed to engage in a good-faith interactive process, choosing to prematurely conclude based on generalized analysis, that Plaintiff did not qualify for a religious accommodation from Defendants' vaccine mandate, based on their sincerely held religious beliefs.

20.    Defendants denied Plaintiff's request for religious accommodation, and continued to shut them down despite their repeated requests that they reconsider accommodating them.

21.    On October 15, 2021, a victim to the District's Inquisition, Plaintiff was forced to retire early from a job that she had given her heart and soul to over the previous 14 years.

## FIRST CAUSE OF ACTION
### Deprivation of Civil Rights – 42 U.S.C. § 1983
### Violation of the Free Exercise and Establishment Clauses
### of the First Amendment

22.    Plaintiff re-alleges and incorporates herein by reference all the above paragraphs, as though fully set forth herein.

23.    Defendant is a "state actor" as that term is used with respect to those entities obliged to comply with constitutional norms.

24.    At all times relevant herein, Plaintiff enjoyed rights protected by the First Amendment of the United States Constitution to the "free exercise" of their religion.

25.    These rights are secured against violation by state actors, including Defendants, through 42 U.S.C § 1983.

26.    Defendants imposed a substantial burden on Plaintiff's religious beliefs by denying their requests for religious accommodation, and subsequently threatening them with suspension and termination for exercising their religious beliefs not to receive the Covid-19 vaccine.

27.    Defendants harassed Plaintiffs to get vaccinated.

28.    Defendants acted pursuant to a vaccine mandate policy whose goal was to have as many employees vaccinated as possible.

29.    Defendants' actions were intended to cause extreme mental and emotional stress and duress.

30. Defendants' actions were not the least restrictive means of accomplishing any compelling interest it may allege, including but not limited to its interest in insuring the health and safety of its employees and the public.

31. On information and belief, Defendants regarded Plaintiff's religious objections, based on the use of fetal tissue in either the testing or production of the vaccines less favorably than the religious beliefs of others, similarly situated.

32. In so doing, Defendants violated the most basic requirement of the First Amendment's Establishment Clause by preferring some religious beliefs over others, thereby violating principles of government neutrality toward religion.

33. "The clearest command of the Establishment Clause is that one religious denomination cannot be officially preferred over another." Larson v. Valente, 456 U.S. 228, 244 (1982).

34. As a proximate result of Defendant's actions, Plaintiff has suffered harm and seeks damages in an amount according to proof, together with declaratory and injunctive relief, declaring that Defendants violated their First Amendment Rights.

## SECOND CAUSE OF ACTION
### Violation of Free Exercise and Enjoyment Clause of
### California Constitution Article 1 § 4

35. Plaintiff re-alleges and incorporates herein by reference all the above paragraphs, as though fully set forth herein.

36. Plaintiffs have a sincerely held religious belief against receiving the Covid-19 vaccine.

37. Defendants imposed a substantial burden on Plaintiff's religious beliefs by denying their requests for religious accommodation, and subsequently threatening them with suspension and termination for exercising their religious beliefs not to receive the Covid-19 vaccine.

38. Defendants harassed Plaintiff to get vaccinated.

39.    Defendants' actions were intended to cause extreme mental and emotional stress and duress.

40.    Defendants' actions were not the least restrictive means of accomplishing any compelling interest it may allege, including but not limited to its interest in insuring the health and safety of its employees and the public.

41.    The California Constitution, Article 1 § 4, states in relevant part: "Free exercise and enjoyment of religion without discrimination or preference are guaranteed."

42.    When the California Constitution was last revised, and this language re-adopted, state law clearly provided that free exercise claims were protected by "strict scrutiny," i.e., the government has the burden to prove a sufficiently compelling interest unable to be achieved by means less restrictive of one's religion, to justify imposing a substantial burden on one's religion.

43.    Whether a law is facially neutral or generally applicable is irrelevant in situations as at present where the law requires "individualized assessments."

44.    On its face, the Fair Employment and Housing Act requires individualized assessment of an employee's request for religious accommodation, requiring an employer to "explore any available reasonable alternative means" of providing the accommodation. Government Code § 12940(l)(1).

45.    In the present case, Defendants were required by law to engage in an individualized assessment with respect to providing religious accommodation to Plaintiffs.

46.    As a proximate result of Defendant's actions, Plaintiff has suffered harm and seeks damages in an amount according to proof.

47.    Plaintiffs are entitled to recover reasonable attorney fees and costs pursuant to Code of Civ. Proc. § 1021.5, and any other applicable statutory provision, since this is an action to vindicate an important right of religious freedom affecting the public interest.

## THIRD CAUSE OF ACTION

### Religious Harassment / Coercion

### Cal. Gov't Code § 12940(j)(1)

48. Plaintiff re-alleges and incorporates herein by reference all the above paragraphs, as though fully set forth herein.

49. Under California Law, it is unlawful for an employer to "harass an employee" because of their "religious creed." (See Gov. Code §12940 subd. (j)(1)).

50. California law closely tracks Title VII, which, according to the Equal Employment Opportunity Commission, prohibits religious coercion as a form of religious harassment, explaining in its compliance manual that religious coercion occurs: "when an employer or supervisor explicitly or implicitly coerces an employee to abandon, alter, or adopt a religious practice as a condition of receiving a job benefit or privilege or avoiding an adverse employment action."

51. Defendant's actions as alleged herein were intended to pressure and coerce Plaintiff to violate their sincerely held religious beliefs and receive the Covid-19 vaccine as a condition of being able to retain their employment.

52. Defendant's actions demonstrate that it was more important to obtain 100% compliance with its vaccine mandates, than to respect the civil and constitutional rights of its employees.

53. By means of its continued threats of suspensions and terminations piled on top of a workplace facing a systemic mental health crisis, Defendants created an intolerably hostile workplace for those, like Plaintiff, whose religious beliefs precluded their receiving the Covid-19 vaccine.

54. As a direct and proximate result of Defendant's harassment, Plaintiff suffered loss of wages and benefits and mental anguish and emotional distress in an amount according to proof.

55. Plaintiff should recover reasonable attorney fees and costs (See Code Civ. Proc. § 1021; Gov. Code § 12965, subd. (b)).

# FOURTH CAUSE OF ACTION

## Religious Discrimination

### Government Code § 12940(a)

56. Plaintiff re-alleges and incorporates herein by reference all the above paragraphs, as though fully set forth herein.

57.     California Government Code § 12940 (a) provides that it is an unlawful employment practice for an employer because of a person's religion, religious creed, religious beliefs, religious practices, or religious observances, to refuse to hire or employ the person, to refuse to select the person for a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

58.     Defendants subjected Plaintiff to adverse employment actions by denying their requests for religious accommodation, and threatening them with suspension and termination, thereby creating a hostile work environment.

59.     On information and belief, Defendants disfavored accommodation requests based on a religious belief about the use of fetal cells, treating requests based on other religious beliefs more favorably.

60.     On information and belief, Defendant also treated requested Covid-19 disability accommodations more favorably than similar requests based on objection to the use of fetal cell tissue, as well as favoring religious accommodation requests for reasons other than the Covid-19 vaccine, such as scheduling accommodations and/or dress and appearance issues.

61.     On information and belief, Plaintiff's religious beliefs and objections to the Covid-19 vaccine were the substantial motivation for these adverse employment actions.

62.     Defendants have unlawfully discriminated against Plaintiff by suspending them for the exercise of their religious beliefs.

63.     Defendants' suspension of Plaintiff's employment was motivated by, and is

the result of, the exercise of their sincerely held religious beliefs.

64.    Defendants lacked any justification for the adverse employment action taken against Plaintiffs, as the mechanism they used to determine the sincerity of Plaintiff's religious beliefs were designed to allow them to reject those requests without any oversight; the questions were designed to be ambiguous enough that it would elicit a response they could use to justify rejection after-the-fact.

65.    As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual harm, in an amount subject to proof at the time of trial.

66.    As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish, and embarrassment.

67.    As a proximate act of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute their claims herein and have incurred and are expected to incur attorneys' fees and costs in connection therewith. Plaintiffs is entitled to recover attorneys' fees and costs under California Government Code §12965(b).

68.    Plaintiff is entitled to other such relief as this court deems appropriate.

## FIFTH CAUSE OF ACTION
### Retaliation
### Cal. Gov't Code § 12940(h)

69.    Plaintiff re-alleges and incorporates herein by reference all the above paragraphs, as though fully set forth herein.

70.    FEHA explicitly prohibits an employer or person from discharging, expelling, or otherwise discriminating against any person because the person has opposed any practices forbidden under the FEHA or because the person has filed a complaint, testified, or assisted in any proceeding under the FEHA pursuant to Government Code § 12940(h).

71. FEHA further recognizes that requesting religious accommodation is protected against retaliation, stating that it is unlawful: "(4) For an employer or other entity covered by this part to, in addition to the employee protections provided pursuant to subdivision (h), retaliate or otherwise discriminate against a person for requesting accommodation under this subdivision, regardless of whether the request was granted." Government Code § 12940(l)(4)

72. Plaintiff engaged in protected activities by requesting religious accommodation, by requesting to test weekly in lieu of vaccination, and by enlisting the assistance of their labor union president to oppose the harassment and denial of their religious accommodations.

73. Defendants' actions suspending Plaintiff are a plain act of retaliation for their having exercised their constitutional and statutory rights to religious freedom.

74. Defendants failed to explain how Plaintiff's assertion of their First Amendment rights to freely exercise their religion, or their statutory rights to religious accommodation, or to be free of harassment and religious coercion can constitute "insubordination."

75. On information and belief, both Federal and state law enforcement agencies recognize that in the chain of command, subordinates are only required to obey "lawful orders," and that directives that violate the constitution and/or civil rights cannot be considered lawful orders.

76. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual harm, in an amount subject to proof at the time of trial.

77. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish, and embarrassment.

78. As a proximate act of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute their claims herein and have incurred and are expected to incur attorneys' fees and costs in connection therewith. Plaintiff is

entitled to recover attorneys' fees and costs under California Government Code §12965(b).

79.    Plaintiff is entitled to other such relief as this court deems appropriate.

## SIXTH CAUSE OF ACTION

### Religious Discrimination – Failure to Accommodate
### Cal. Gov't Code § 12940 (l)(1)

80.    Plaintiff re-alleges and incorporates herein by reference all the above paragraphs, as though fully set forth herein.

81.    The California Fair Employment and Housing Act provides that it is unlawful for an employer to discriminate against or discharge a person from employment "because of a conflict between the person's religious belief or observance and any employment requirement." (Gov. Code § 12940, subd. (l)(1).

82.    The statute further protects "all aspects of religious belief, observance, and practice." (Gov. Code § 12926, subd (q)).

83.    An employer is required to "[explore] any available reasonable alternative means of accommodating the religious belief and observance, including the possibilities of excusing the person from those duties that conflict with the person's religious belief or observance or permitting those duties to be performed at another time or by another person . . ." Cal. Gov. Code. § 12940(l)(1).

84.    As alleged herein, Plaintiff has a sincerely held religious beliefs that they should not receive the Covid-19 vaccine.

85.    Plaintiff informed Defendants of their religious beliefs, putting Defendants on notice that their beliefs conflicted with the Defendants' vaccine mandate policy.

86.    As alleged herein, Defendants failed and refused to explore any possible accommodation for Plaintiff, and refused even to discuss possible accommodation, violating its obligation to explore possible accommodations in good faith.

///

87.   Defendants denied Plaintiff religious accommodation and threatened them with suspension and termination and harassing them to violate their religious beliefs.

88.   Defendants' actions constitute adverse employment actions, as it is black letter law that "the threat of discharge" constitutes an adverse action, sufficient to establish a prima facie case. *See, e.g. EEOC v. Townley,* 859 F. 2d 614; *Opuku Boateng v.California,* 95 F. 3d 1461 (1996).

89.   As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual harm, in an amount subject to proof at the time of trial.

90.   As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish, and embarrassment.

91.   As a proximate act of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute their claims herein and have incurred and are expected to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code §12965(b).

92.   Plaintiff is entitled to other such relief as this court deems appropriate.


**SEVENTH CAUSE OF ACTION**

**Failure to Take All Reasonable Steps Necessary**

**to Prevent Discrimination from Occurring**

**Government Code § 12940(k)**

93.   Plaintiff incorporates by reference the paragraphs above.

94.   It is unlawful under California Government Code section 12940(k) for an employer to fail to take all reasonable steps necessary to prevent discrimination and harassment based on an employee's religion, or that religion's creed, beliefs, practices, or observances.

95.   Defendants designed a system to screen requests for vaccine exemptions that

was arbitrary and capricious and ineffective at determining whether an applicant held a sincere religious objection. Defendants' approach was designed to elicit ambiguous responses that would allow them to reject any request for religious accommodation without any oversight.

96.    Defendants failed and refused to engage in a good faith interactive process whereby a management individual actually interviewed the applicant in an effort to comprehend the nature of the religious objection.

97.    Instead, Defendants required Plaintiff to answer confusing questions calling for theological knowledge beyond their training and education.

98.    Even after it was apparent that Plaintiff would not be bullied into receiving the vaccine, at o time did anyone in management sit each one down and seek to ascertain the substance of their religious objection, to determine whether they should be granted the accommodation, rather than subjected to coercive pressure to conform to the vaccine mandate.

99.    As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual harm, in an amount subject to proof at the time of trial.

100.   As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish, and embarrassment.

101.   As a proximate act of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute their claims herein and has incurred and is expected to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code §12965(b).

102.   Plaintiff is entitled to other such relief as this court deems appropriate.

///

///

///

## EIGHTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### By All Plaintiffs Against All Defendants

103.   Plaintiff incorporates by reference the paragraphs above.

104.   The conduct of Defendants, as set forth above, was so extreme and outrageous that it exceeded the boundaries of a decent society and lies outside the compensation bargain.

105.   Said conduct was intended to cause Plaintiff severe emotional distress or was done in conscious disregard of the probability of causing severe emotional distress. Said conduct was also in direct violation of California law and public policy.

106.   As a proximate result of the wrongful conduct of Defendants, Plaintiff has sustained substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

107.   As a further proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer humiliation, embarrassment, sever emotional distress, and mental anguish, all to Plaintiff's damage in an amount according to proof at the time of trial.

In doing all the acts herein alleged, Defendants, through their managing agents, acted with oppression, fraud, malice, and in the conscious disregard of the rights of Plaintiff.

## PRAYER

1. Lost wages;

2. Future earnings;

3. General damages;

4. Interest;

5. Attorneys' fees;

6. Costs;

-14-
COMPLAINT

7. Injunctive Relief;

8. Declaratory Relief; and

9. Other relief the court deems proper.


Date:  October 4, 2023                    FRONTIER LAW CENTER


                                          /s/     _Joseph Gross_____
                                          Joseph Gross
                                          Attorneys for Plaintiff
                                          MARILYN FLOWERS